UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY CAPRA,

                             Petitioner,

                                                                                                   9:06-CV-1230
v.                                                                                          (GTS/DEP)

DARWIN LeCLAIR,

                             Respondent.
_____

APPEARANCES:                                                   OF COUNSEL:

ANTHONY CAPRA, 03-A-4971
  Petitioner, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ANDREW M. CUOMO                          HANNAH S. LONG, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York  10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before this Court, in this habeas corpus proceeding filed *pro se* by Anthony Capra ("Petitioner") pursuant to 28 U.S.C. § 2254, is a Report-Recommendation from United States Magistrate Judge David E. Peebles's recommending that Petitioner's petition be denied and dismissed, and that a certificate of appealability not issue.  (Dkt. No. 21.)  For the reasons set forth below, Magistrate Judge Peebles's Report-Recommendation is accepted and adopted in its entirety: Petitioner's petition is denied and dismissed in its entirety, and it is directed that a certificate of appealability not issue.

I.  **APPLICABLE LEGAL STANDARDS**

    A.  **Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

    [1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

    [2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

### B. Standard Governing Review of Petitioner's Habeas Petition

Magistrate Judge Peebles correctly recited the legal standard governing review of Petitioner's *habeas* petition. (Dkt. No. 21 at 20-23.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

## II. RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2004 felony weapons conviction, but will simply refer the reader to the relevant portions of Magistrate Judge Peebles's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 21 at 3-8.)

The Court will note only that Petitioner was originally charged with robbery in the first degree and criminal possession of a weapon in the third degree. Petitioner pled guilty to third degree criminal possession of a weapon in exchange for satisfying the two-count indictment. During the entry of his plea, Petitioner was advised by Albany County Court Judge Thomas A. Breslin that he was pleading to a felony charge and would be sentenced to a determinate seven-year sentence. (Dkt. No. 21, at 4-5.)

### A. Petitioner's Claims

In his petition, Petitioner asserts the following three grounds for habeas relief: (1) the trial court erred in sentencing him to a felony conviction for a term of more than one year; (2) he received ineffective assistance of counsel; and (3) the district attorney and the trial court had an obligation to apprise him that, while he was pleading guilty to a misdemeanor offense, he would actually be sentenced as a felon.

      **B.**    **Magistrate Judge Peebles' Report-Recommendation**

In his Report-Recommendation, Magistrate Judge Peebles recommends dismissal of Petitioner's petition because (1) Petitioner failed to exhaust his administrative remedies, and state court remedies are no longer available and, rendering his claims procedurally barred, and (2) in any event, Petitioner's principal claim, in which he contests having pleaded guilty to a felony count, lacks merit. (Dkt. No. 21 at 3.) More specifically, Magistrate Judge Peebles found that Petitioner's claim that he was not properly advised by the court, the district attorney, or his assigned counsel of the consequences of his guilty plea is without merit because the trial court record reflects that Petitioner's plea was entered knowingly and voluntarily. (*Id*. at 24-28.)

      **C.**    **Petitioner's Objections to the Report-Recommendation**

On May 14, 2009, Petitioner filed his Objections to the Report-Recommendation. (Dkt. No. 23.) In his Objections, Petitioner argues that Magistrate Judge Peebles "erred in not offering Petitioner the option of holding his petition in abeyance," because there is no time limit for him to file a *writ* of *error coram nobis* with the New York State Appellate Division and raise his ineffective assistance of counsel claim.

**III.   ANALYSIS**

As an initial matter, the Court finds that Petitioner has failed to make specific objections with regard to Magistrate Judge Peebles's Report-Recommendation. As a result, the Court must review the Report-Recommendation for only clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Peebles. Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 21 at 3-28.)

As a result, the Court accepts and adopts Magistrate Judge Peebles's Report-Recommendation in its entirety for the reasons stated therein. The Court would add only two points.

First, the Report-Recommendation would survive even a *de novo* review. Second, despite finding Petitioner's claims unexhausted, Magistrate Judge Peebles considered, and rejected, the merits of his claims.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 21) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED** in all regards; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: August 20, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge